# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LC FRANCHISOR, LLC, and ) | |
| LC CORPORATE, LLC, ) | Case No. 4:15-CV-383-JCH |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | |
| VALLEY BEEF, LLC, ) | |
| ) | |
| **Defendant.** ) | |

## DEFENDANT VALLEY BEEF, LLC'S TRIAL BRIEF

COMES NOW Defendant Valley Beef, LLC, by and through its undersigned counsel, and pursuant to the Court's Amended Case Management Order (Doc #53), as amended by the Court's Order dated October 13, 2006 (Doc #94), for its Trial Brief in the above-styled cause of action, states as follows:

On October 3, 2016 this Court granted summary judgment with respect to liability on Plaintiffs' claims in this matter, finding that Valley Beef's continued operation of franchised Lion's Choice restaurants after February 27, 2015 was in breach of the parties' Franchise Agreement and in violation of Lion's Choice's trademarks and copyrights.  The Court further concluded that all of Defendant Valley Beef's counterclaims fail.  Accordingly, the Court's ruling disposed of all claims regarding liability and left only the issue of Plaintiffs' damages for determination.  Defendant's position is that Plaintiffs have suffered no damages in this matter, and further that Plaintiffs' conduct constitutes a waiver as to any claimed damages.

Plaintiffs have alleged that the parties' Franchise Agreement was effectively terminated as of February 27, 2015.  This lawsuit was filed on March 1, 2015.  During the over eighteen (18) months since the Franchise Agreement was purportedly terminated and while this litigation was

pending, Plaintiffs took no action to prevent Defendant from continued operation its franchised Lion's Choice restaurants.  No preliminary injunction was ever sought or obtained.  This, despite the following language in the Franchise Agreement which provided that right:

> 13.6   <u>Injunctive Relief and Recovery of Costs and Expenses</u>.  In addition to the right to terminate this Agreement, Franchisor shall have all other rights and remedies at law and equity for breach by Franchisee of the terms and conditions of this Agreement, including the right to injunctive relief for any violation, or attempted or threatened violation of any such terms and conditions. . . .  In the event that Franchisor brings an action against Franchisee, before or after termination, seeking to halt infringement of Franchisor's trademarks, service marks and trade names, Franchisee agrees that any court having jurisdiction of the matter may enter temporary restraining orders, and preliminary and permanent injunctions without bond.

Instead, since February 27, 2015, and during the pendency of the lawsuit, Defendant has operated Lion's Choice restaurants continually with the tacit, if not express, consent and authorization of Plaintiffs.  During the period of alleged breach, Plaintiffs have actively participated in the continued operation of the Lion's Choice restaurants by Defendant.  During this period, Plaintiffs actively promoted Defendant's restaurants on the Lion's Choice website.  Plaintiffs received and accepted continuing and substantial franchise fees and payments from Defendant.  In fact, Defendant has paid and continues to pay all franchising fees and payments that were required of it under the Franchise Agreement.

Instead of enforcing any claimed rights under the Franchise Agreement, Plaintiffs instead elected to treat Defendant in all material respects as a continuing franchisee, regularly involving

2

Defendant in Lion's Choice's business efforts, allowing Defendant to use its trademarks and copyrights, and receiving the benefit of payments from Defendant pursuant to the Franchise Agreement.  But for the claim of breach, Defendant's operation of its franchised locations was no different prior to the purported termination than it was post-termination.  Plaintiffs accepted such conduct and realized financial benefits in the form of ongoing franchise fees and payments from Defendant.  Accordingly, Plaintiffs have waived any right to now seek damages associated with Defendant's continuing operation of the franchised locations, when it not only permitted, but actively participated in, such conduct   Allowing Plaintiffs to retain the fees it was paid for continued operation of the franchises by Defendant, conduct which it could have sought to prohibit, but instead to which it acquiesced,  and also recover damages in this matter would amount to a prohibited double recovery and windfall to Plaintiffs.

Further, with respect to Plaintiffs' copyright and trademark claims, any continued use by Defendant has not been hostile or adverse, but similarly has been permitted and promoted by Plaintiffs.  Communications between Plaintiffs and Defendant reflect that the copyrights and trademarks that Plaintiffs allege were infringed were not only used in the operation of Defendant's Lion's Choice restaurants without objection, but their use was actually supported and endorsed by Plaintiffs.  Moreover, Plaintiffs' current claims of alleged or possible consumer confusion resulting from Defendant use are rejected by Plaintiffs' own actions in this matter.  Notably, throughout the alleged period of breach, and through the present, Plaintiffs' website lists and promotes each of Defendant's locations as a Lion's Choice restaurant.  Defendant's locations are shown on a map of Lion's Choice locations, and the addresses and contact information for each of Defendant's restaurants are fully set out on the Lion's Choice website.  It is improper for Plaintiffs to argue on the one hand that Defendant's continued use of its copyrights and trademarks – conduct in which

it permitted and participated - created public confusion, while Plaintiffs continued to represent to the public that each of Defendant's locations was affiliated with Lion's Choice.  To the extent that Plaintiffs seek to argue that the public has been harmed or confused by the use of the trademarks or copyrights, any such confusion is attributable to Plaintiffs' own conduct.

In short, Plaintiffs cannot have it both ways on the issue of damages.  Plaintiffs elected to treat Defendant as a continuing franchisee after the purported termination of the Franchise Agreement, and accepted the benefits of that election in the form of continuing franchise fees and payments from Defendant. Plaintiffs further elected to benefit from the continued operation of Defendant's locations by permitting their use of the Lion's Choice trademarks and copyrights, and actively promoted Defendant's locations as affiliated with the Lion's Choice brand.  Plaintiffs cannot now seek to recover damages for this conduct when it both acquiesced to it and benefited from it.

      Respectfully submitted,

      McCARTHY, LEONARD & KAEMMERER, L.C.

BY:   /s/ Brian McGovern
       Brian E. McGovern, # 34677
       bmcgovern@mlklaw.com
       Robert A. Miller, #41816
       rmiller@mlklaw.com
       825 Maryville Centre Dr., Ste. 300
       Town & Country, MO  63017
       Phone: (314) 392-5200
       Fax:    (314) 392-5221

      Attorneys for Valley Beef, LLC

CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on this 24th day of October, 2016, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon the following parties.

       Steven E. Garlock
       Thomas L. Azar, Jr.
       Thompson Coburn LLP
       One US Bank Plaza
       St. Louis, MO 63101
       sgarlock@thompsoncoburn.com
       tazar@thompsoncoburn.com

       Attorneys for LC Franchisor, LLC and
       LC Corporate, LLC

                                                                             /s/ Brian E. McGovern