# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LC FRANCHISOR, LLC, and <br> LC CORPORATE, LLC <br><br> Plaintiffs, <br><br> v. <br><br> VALLEY BEEF, LLC <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:15-CV-00383-JCH <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs LC Franchisor, LLC's and LC Corporate, LLC's ("Valley Beef") Motion for Attorneys' Fees, Costs, Expenses, and Expert Fees. (ECF No. 118.) Defendant Valley Beef, LLC ("Valley Beef") has filed a Memorandum in Opposition to Plaintiffs' Motion (ECF No. 125), and the matter is ready for disposition.

## BACKGROUND

On March 1, 2015, upon notifying Valley Beef of its intent to terminate the Parties' Franchise Agreement, Lion's Choice filed this action against Valley Beef seeking declaratory and injunctive relief, and asserting claims of breach of contract and trademark and copyright infringement. (ECF No. 1.) Valley Beef filed a Counterclaim against Lion's Choice, also seeking declaratory judgment and asserting claims of breach of contract, breach of the covenant of good faith and fair dealing, and fraud. (ECF No. 20.) On July 12, 2016, Lion's Choice moved for partial summary judgment on the issue of liability. (ECF No. 65.) In a Memorandum and Order entered on October 3, 2016, the Court granted Lion's Choice's summary judgment motion, finding that Lion's Choice's termination of the Parties' Franchise Agreement was

1

proper, and that Valley Beef's continued operation of its franchise after February 27, 2015 constituted a breach of the Franchise Agreement and a violation of Lion's Choice's trademarks and copyrights. The Court further determined that Valley Beef's counterclaims necessarily failed. (ECF Nos. 87, 88.) Pursuant to the terms of the Franchise Agreement, the Copyright Act, and the Lanham Act, Lion's Choice now moves for attorneys' fees and other expenses related to the litigation in the amount of $738,727.16. Valley Beef opposes the Motion, arguing that the various fees and expenses sought are excessive and improper.

## DISCUSSION

The trial court has considerable discretion in determining the amount of attorneys' fees to award and is considered an expert on the issue. *See Delph v. Dr. Pepper Bottling Co. of Paragould, Inc.*, 130 F.3d 349, 358 (8th Cir. 1997); *Trim Fit, LLC v. Dickey*, No. 4:06-CV-49 CEJ, 2008 WL 4838150, at *7 (E.D. Mo. Nov. 6, 2008). "In the absence of contrary evidence, the trial court is presumed to know the character of services rendered regarding duration, zeal, and ability and to know the value of them according to custom, place, and circumstance." *Trim Fit*, 2008 WL 4838150 at *7 (quotation omitted).

The starting point for determining a reasonable attorney fee is to multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate, otherwise known as the "lodestar" method. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Trim Fit*, 2008 WL 4838150 at *7; s*ee also Ladies Ctr., Neb., Inc. v. Thone*, 645 F.2d 645, 647 (8th Cir. 1981) (setting forth other factors court considers in assessing attorneys' fees). "The onus is on the party seeking the award to provide evidence of the hours worked and the rate claimed," and "[t]he district court should exclude hours that were not reasonably expended." *Wheeler v. Mo. Highway & Transp. Comm'n*, 348 F.3d 744, 754 (8th Cir. 2003) (citing *Hensley*, 461 U.S. at

433); *see also McDonald v. Armontrout*, 860 F.2d 1456, 1458 (8th Cir. 1988) (amount of reasonable attorneys' fees is one that is adequate to attract competent counsel without providing windfall to attorneys).

In its Memorandum in Opposition, Valley Beef argues that "[t]he rates charged by Lion's Choice's counsel are excessive—Steven E. Garlock at $465-$477 per hour and Thomas Azar, Jr. at $355-$373 per hour," and that "the rates for paralegal services charged to Plaintiffs were excessive—Patricia Sachtleben's services were charged at rates of $184-$189 per hour, a rate equivalent to many attorneys in the St. Louis market." Valley Beef also argues that the number of hours billed was excessive. Specifically, Valley Beef contends that the amount of time counsel spent preparing Lion's Choice's summary judgment motion, which was in excess of 350 hours, was unreasonable,[1] and that various entries related to preparation for depositions indicate that multiple attorneys were unnecessarily involved in the same tasks. Valley Beef has specifically identified several redundant entries by date.

Upon consideration of the Parties' arguments, as well as the declarations of Steven Garlock and Robert Millstone, the Court concludes that the rates for services charged were not excessive. *See Blum v. Stenson*, 465 U.S. 886, 896 (1984) (reasonable hourly rate is calculated based on prevailing market rates in the community); *see also Hensley*, 461 U.S. at 433. The Court further concludes, however, that the amount of time counsel spent preparing Lion's Choice's motion for summary judgment was excessive, and that the inclusion of multiple attorneys in the tasks specifically identified by Valley Beef was excessive. Thus, the Court will disallow approximately half of the entries related to the preparation of Lion's Choice's summary

---

[1] Valley Beef also contends that the amount of time counsel spent preparing for the deposition of Tom Ginos was excessive. Valley Beef asserts that "[a] total of almost 80 hours in deposition outline drafting and preparation…related to [Mr. Ginos's] deposition." (ECF No. 125 at 3.) However, the entries specifically referenced by Valley Beef do not support this assertion.

judgment motion. The Court will also disallow redundant entries from April 2016 related to preparation for and attendance of the depositions of Mark Disper, Tom Ginos, and "L. Stille."

Valley Beef also argues that various billing entries contain only vague and general descriptions, and that others show block billing, thereby making it impossible to adequately assess the reasonableness of the amount billed. Valley Beef specifically identifies generic entries from April 2016 that exist for "deposition preparation and outlines," and entries from October 27, 2016 through November 3, 2016 that exist for "preparation for permanent injunction hearing."[2]

"Incomplete or imprecise billing records preclude any meaningful review by the district court of the fee application for excessive, redundant, or otherwise unnecessary hours and may make it impossible to attribute a particular attorney's specific time to a distinct issue or claim." *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991) (quotation omitted). If it is not possible for the Court to determine which hours were spent on particular claims or issues because of imprecise billing records, the court may resolve uncertainties against the party requesting fees, and simply reduce the lodestar amount. *See id.* In view of the foregoing, and having considered the Parties' arguments, the Court concludes that the April, October, and November 2016 billing entries specifically identified by Valley Beef, with one exception,[3] contain vague and general descriptions that preclude any meaningful review by the Court. Therefore, the Court will disallow these entries.

---

[2] Valley Beef has not specifically identified any entries that contain block billing, and the Court will not scour the record for such entries.

[3] The Court notes that there are no generic entries dated April 19, 2016, one of the dates specifically identified by Valley Beef. Rather, on this date there exist entries related to preparation for the depositions of "L. Stille" and Tom Ginos.

Valley Beef next contends that several entries reflect legal services related to the general business operations of Lion's Choice, including, among other things, copyright registration and the closure of the Wentzville store, and that their inclusion is improper. Valley Beef further argues that the inclusion of fees charged by Lion's Choice's expert witness, Thomas Hilton, is improper because Mr. Hilton's report reflects that he was provided with, reviewed, and used data in direct violation of the Parties' Joint Stipulation.

The Court has considered the Parties' arguments, and finds that the entries purportedly related to general business operations are also related, albeit indirectly, to this litigation. The Parties' Franchise Agreement provides that, "[u]pon termination of this Agreement…Franchisee shall pay to Franchisor all losses and expenses Franchisor incurs as a result of the default or termination, including all damages, costs, and expenses, and reasonable attorneys' and experts' fees directly or indirectly related thereto…" (Franchise Agreement § 13.8, ECF No. 119.6 at 24.) In view of the agreement reached by the Parties, and because Valley Beef has failed to present any authority in support of its arguments, the Court agrees with Lion's Choice that Valley Beef's objections to these entries must be rejected.

Valley Beef further argues that various entries for miscellaneous costs contain no detail or narrative portion, that Lion's Choice's request for miscellaneous costs related to meal expenses is improper, and that it appears Lion's Choice seeks double recovery of a $5,000 retainer fee for Anders Minkler Huber & Helm. In its Reply, Lion's Choice explains that it inadvertently omitted the description "reproduction charges" from a number of miscellaneous entries for printing and copying costs. Lion's Choice also concedes that the retainer fee was inadvertently duplicated, and it agrees to withdraw its request for reimbursement of meal

expenses.  Thus, with the exception of the reproduction charges, the Court will disallow these entries.

Finally, Lion's Choice has filed as an exhibit Fees and Costs Incurred Since November 8, 2016, seeking an additional $25,848.43.  (ECF No. 127.4.)  The Court finds that the number of hours billed in connection with Lion's Choice's motion for attorneys' fees and its "post-hearing brief" was excessive.  Therefore, the Court will disallow several entries related to such.

In accordance with the foregoing, the Court will grant Lion's Choice's Motion in part, and award fees as follows.

## **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Attorneys' Fees, Costs, Expenses, and Expert Fees (ECF No. 118) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Attorneys' Fees is **GRANTED** to the extent that the Court will order Defendant to pay attorneys' fees in the amount of $689,013.27 to Plaintiffs.  Plaintiffs' Motion is **DENIED** in all other respects.

Dated this 22nd day of December, 2016.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE